UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/9/2022
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　　　　*Plaintiff,*<br>　　v.<br><br>LIBERTY UNIVERSITY, INC., et al,<br><br>　　　　　　　　　　*Defendants.* | Case No. 6:22-cv-21<br><br>ORDER<br><br>Judge Norman K. Moon |

### ORDER DISMISSING FIRST AMENDED COMPLAINT

This matter comes before the Court on the timeliness of Plaintiff's First Amended Complaint, Dkt. 39, filed on June 8, 2022. Plaintiff field the First Amended Complaint without seeking leave of the Court or the agreement of Defendants.

Federal Rule of Civil Procedure 15(a)(1) permits a Plaintiff to file an amended pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

The First Amended Complaint is untimely because the original Complaint was filed more than 21 days prior to June 8, 2022 (on April 27, 2022, *see* Dkt. 1) and more than 21 days after the first motion to dismiss, Dkt. 13, which was filed on May 13, 2022. The date of the first motion to dismiss—not the most recent one—is the relevant benchmark. Although Rule 15(a)(1) is not entirely clear about whether the first or most recent motion to dismiss is the relevant time benchmark in multi-defendant, multi-motion to dismiss cases, the text of Rule 15(a)(1) strongly suggests, and other courts have held, that it is the earliest motion to dismiss that begins the 21-

day countdown.

> The text of [Rule 15] states that a party may amend a pleading requiring a response, like a complaint, "21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), ... whichever is earlier." Fed.R.Civ.P. 15(a)(1). From the committee notes, it is clear that this rule does not grant a cumulative right to amend after both a responsive pleading and a 12(b) motion. The commentary states, "[t]he 21–day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21–day period." Fed.R.Civ.P. 15 advisory committee's 2009 note. Thus, the text of the rule and the advisory committee notes strongly suggest that a party does not get multiple 21–day periods to amend.

*U.S. ex rel. Carter v. Haliburton Co.*, 144 F. Supp. 3d 869, 878 (E.D. Va. 2015). *See also Williams v. Black Entm't Television, Inc.*, No. 13-cv-1459, 2014 WL 585419, at *4 (E.D.N.Y. Feb. 14, 2014) ("the twenty-one day period to amend as a matter of course begins on the date of the earliest defensive action.").

Plaintiff's First Amended Complaint, Dkt. 39, is therefore DISMISSED without prejudice. Defendant Digges' motion to dismiss the First Amended Complaint, Dkt. 40, is hereby GRANTED. It is so ORDERED.

The Clerk of Court is hereby directed to deliver a copy of this order to all counsel of record.

Entered this __9th__ day of June 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE