IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| JANE DOE, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 6:22-CV-00021-NKM ) |
| LIBERTY UNIVERSITY, INC., *et al.*, | ) ) |
|       Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL**

In accordance with Federal Rule of Civil Procedure 5.2(d) & (f), Local Civil Rule 9 of the Local Rules of the United States District Court for the Western District of Virginia, the Stipulated Protective Order [ECF No. 67] and the supplemental Order [ECF No. 75] entered in this case, Defendant Liberty University, Inc., d/b/a Liberty University ("Liberty"), by counsel, respectfully asks the Court to seal certain confidential information contained in Exhibits A through E to Liberty's Motion for Summary Judgment. Liberty is filing its Motion to Seal because the identities of Plaintiff Jane Doe and former Defendant John Doe cannot be disclosed to third parties or placed into the public record in this case without the prior written consent of the other party, except to the extent required by applicable law or court order. Counsel for the parties have conferred, and Plaintiff's counsel consents to the Defendant's Motion to Seal.

**LEGAL STANDARD**

Local Rule 9 establishes the procedure and requirements applicable to motions to file documents under seal within the Western District of Virginia. Specifically, Local Rule 9 requires that a party seeking to seal documents "file an unsealed written motion containing: (a) a generic, non-confidential identification of the document to be sealed; (b) the bases upon which the party

1

seeks the order, including the reasons why alternatives to sealing are inadequate; and (c) the duration for which sealing is required." L.R. 9(b)(2).

There is a "common law right to inspect and copy judicial records and documents." *In Re Knight Publ'g Co*, 743 F. 2d 231, 235 (4th Cir. 1984). Judicial records are limited to those documents which "play a role in the adjudicative process or adjudicate substantive rights." *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). And "it is uncontested . . . that the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, courts have sealed judicial records "where court files might have become a vehicle for improper purposes," such as "harm[ing] a litigant's competitive standing." *Id.* In other words, the presumption of public access to judicial records is overcome by showing "some significant interest that outweighs the presumption." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

Before permanently sealing court documents, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

**The *Ashcraft* Factors Are Satisfied.**

Liberty's request to seal certain exhibits to its brief in support of its Motion for Summary Judgment meets each of the three requirements delineated under *Ashcraft*.

### A. Public Notice

The filing of a motion to seal on the docket "reasonably in advance of deciding the issue" constitutes sufficient notice. *Knight Publ'g*, 743 F.2d at 235. Liberty is publicly filing its Motion

to Seal. As a result, the Motion will be reflected on the Court's docket for this case. This will provide the requisite notice to members of the public that a Motion is before the Court. In addition, the public has been provided notice of Liberty's intent to seek the sealing of Jane Doe and John Doe's identities through its Notice of Motion to Seal (also filed publicly and appearing on the Court's docket for this case).

### B. Consideration of Alternatives

In light of the Stipulated Protective Order [ECF No. 67] and the supplemental Order [ECF No. 75] entered in this case Liberty's motion to seal is a "reasonable alternative means of protecting confidential information that is less restrictive than sealing an entire document." *Genworth*, 2015 WL 12830373, at *2 (Gibney, J.) (internal quotation marks and citations omitted). The limited material Liberty seeks to seal are exhibits divulging the names of Plaintiff Jane Doe and former Defendant John Doe. Disclosure of that information risks prejudice to the parties to this action, "outweigh[ing] any arguable claim of public interest." *Id.* "[N]o less drastic alternative exists to adequately protect this information." *Id.*

### C. Specific Findings

The aforementioned Orders require Liberty to keep the names of Jane Doe and John Doe shielded from the public. This information cannot be disclosed to third parties or placed into the public record in this case under the terms of the Orders.

### CONCLUSION

For these reasons, Liberty respectfully requests that the Court grant its Motion to File Documents Under Seal.

Respectfully submitted,

**LIBERTY UNIVERSITY, INC.,
d/b/a LIBERTY UNIVERSITY**

By:  /s/ Harold E. Johnson
Harold E. Johnson, Esquire (VSB #65591)
Amanda H. Bird, Esquire (VSB #92110)
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA  23218
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
hjohnson@williamsmullen.com
abird@williamsmullen.com
*Counsel for Defendant Liberty University, Inc.*

**CERTIFICATE OF SERVICE**

    I certify that on this 26th day of September 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Rhonda Quagliana, Esquire
    MICHIE HAMLETT
    310 4th Street NE, 2nd Floor
    PO Box 298
    Charlottesville, VA  22902
    Telephone:  (434) 951-7225
    Email:  Rquagliana@michiehamlett.com

    Drew B. LaFramboise, Esquire
    Erika Jacobsen White, Esquire
    JOSEPH, GREENWALD & LAAKE, P.A.
    6404 Ivy Lane, Suite 400
    Greenbelt, MD  20770
    Telephone:  (301) 220-2200
    Email:  dlaframboise@jgllaw.com
           ewhite@jgllaw.com
    *Counsel for Plaintiff Jane Doe*

    /s/ Harold E. Johnson
    Harold E. Johnson, Esquire (VSB #65591)
    Amanda H. Bird, Esquire (VSB #92110)
    Williams Mullen
    200 South 10th Street, Suite 1600
    Richmond, VA  23218
    Telephone: (804) 420-6000
    Facsimile: (804) 420-6507
    hjohnson@williamsmullen.com
    abird@williamsmullen.com
    *Counsel for Defendant Liberty University, Inc.*